# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-1204V
### Filed: May 27, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GARY WILLINGHAM, | * | |
| | * | |
| Petitioner, | * | Joint Stipulation on Damages; |
| v. | * | Influenza; |
| | * | Guillain-Barre Syndrome ("GBS"); |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Luis P. Bartolomei, The Bartolomei Firm, Dallas, TX, for petitioner.*
*Justine Elizabeth Walters, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On October 14, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") following receipt of an influenza vaccination on January 7, 2014. Petition at 1; Stipulation, filed May 27, 2016, at ¶ 4. Petitioner further alleges that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition. Petition at 2; Stipulation at ¶¶ 5. "Respondent denies that the influenza immunization caused petitioner's GBS or any other injury or his current condition " Stipulation at ¶ 6.

Nevertheless, on May 27, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

- **A lump sum of $210,465.00 in the form of a check payable to petitioner**.  Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a).  *Id*.

- **A lump sum of $27,088.57[3] in the form of a check jointly payable to petitioner and petitioner's attorney, Luis Bartolomei, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In compliance with General Order # 9, no petitioner states that no out-of-pocket expenses were incurred by petitioner in proceeding on the petition. (*Id*.)

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| GARY WILLINGHAM,           ) | |
|                           ) | |
| Petitioner,      ) | No. 15-1204V |
|                           ) | Chief Special Master Dorsey |
| v.                 ) | ECF |
|                           ) | |
| SECRETARY OF HEALTH AND    ) | |
| HUMAN SERVICES,            ) | |
|                           ) | |
| Respondent.      ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received an influenza immunization on January 7, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffers from Guillain-Barré syndrome" ("GBS") as a result of receiving the influenza vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the influenza immunization caused petitioner's GBS or any other injury or his current condition.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a.      A lump sum of $210,465.00 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

b.      A lump sum of $27,088.57 in the form of a check jointly payable to petitioner and petitioner's attorney, Luis Bartolomei, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

9.  Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10.  Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

- 2 -

strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of

42 U.S.C. §§ 300aa-15(g) and (h).

12.  In return for the payments described in paragraph 8, petitioner, in his individual

capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever

irrevocably and unconditionally release, acquit and discharge the United States and the Secretary

of Health and Human Services from any and all actions or causes of action (including

agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever

kind or nature) that have been brought, could have been brought, or could be timely brought in

the Court of Federal Claims, under the National Vaccine Injury Compensation Program,

42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or

unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or

alleged to have resulted from, the influenza vaccination administered on January 7, 2014, as

alleged by petitioner in a petition for vaccine compensation filed on or about October 14, 2015,

in the United States Court of Federal Claims as petition No. 15-1204V.

13.  If petitioner should die prior to entry of judgment, this agreement shall be voidable

upon proper notice to the Court on behalf of either or both of the parties.

14.  If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.  This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended.  There

- 3 -

is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's GBS or any other injury or his current condition.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
·/
/
/

- 4 -

Respectfully submitted,

PETITIONER:

GARY WILLINGHAM

**ATTORNEY OF RECORD FOR
PETITIONER:**

LUIS P. BARTOLOMEI, ESQ.
The Bartolomei Firm
3710 Rawlins Street, Suite 1601
Dallas, Texas 75219
(214) 741-2662

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Acting Director, Division of Injury
 Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

JUSTINE WALTERS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-6393

Dated: May 27, 2016